UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOLOMAN S. KENNEDY                                                          PETITIONER

VERSUS                                              CIVIL ACTION NO. 3:15CV861-TSL-RHW

MARSHALL FISHER                                                            RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

      Soloman S. Kennedy filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the conviction and sentence entered against him in the Circuit Court of Scott County, Mississippi. Doc. [1]. Kennedy pleaded guilty in 2006 to burglary and received a 12-year sentence, with five years suspended and five years of post-release supervision. Doc. [11-1]. By order dated June 21, 2012, the Circuit Court of Scott County corrected Kennedy's judgment to reflect that he was not sentenced as an habitual offender. *Id.* By order dated July 18, 2013, the Circuit Court of Scott County revoked Kennedy's post-release supervision and ordered him to serve five years of his original sentence. Doc. [11-2]. Kennedy was later charged with burglary. Doc. [11-3]. On June 19, 2014, pursuant to Kennedy's guilty plea, the Circuit Court of Scott County sentenced Kennedy to serve seven years in the custody of the Mississippi Department of Corrections for burglary. Doc. [11-4]. In his petition, Kennedy acknowledges that he did not raise through a post-conviction proceeding in state court the grounds now raised in his § 2254 petition. *See* Doc. [1] at 5.

      Respondent filed a motion to dismiss arguing that Kennedy's petition is time barred by the AEDPA's one-year limitation period. Doc. [11]. Respondent represents in the motion that the Scott County Circuit Court and Mississippi Supreme Court records indicate that Kennedy did

not file a timely motion for post-conviction relief challenging the revocation of supervised release. *Id.* at 4. Respondent further represents that the Scott County Circuit Court Clerk's Office confirmed that Kennedy has not filed any motions for post-conviction relief challenging the June 19, 2014, plea and sentence. *Id.* at 5. Petitioner has not filed a response in opposition to the motion to dismiss; however, he has filed a pleading captioned as a "Motion for Denied His Parole". Doc. [12]. In this motion, Kennedy appears to argue that he is being denied parole because of RVRs received while in the custody of MDOC. He blames the RVRs on "dirty urine" tests resulting from the medication provided to him at the prison.

## LAW AND ANALYSIS

28 U.S.C. § 2244 provides, in relevant part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or

> other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Circuit Court of Scott County revoked Kennedy's post-release supervision on July 18, 2013. Under Mississippi law, there is no direct appeal from the revocation of a suspended sentence. *See Beasley v. State of Mississippi*, 795 So.2d 539, 540 (Miss. 2001). Therefore, with respect to the revocation, to be timely under the AEDPA's one-year limitation period, Kennedy needed to file a § 2254 petition by July 18, 2014. Kennedy also pleaded guilty and was sentenced on a burglary charge on June 19, 2014. By statute there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Accordingly, the conviction and sentence became final on the date he was sentenced. *See Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). With respect to the guilty plea, to be timely under the AEDPA's one-year limitation period, Kennedy needed to file a § 2254 petition by June 19, 2015. Kennedy did not file the instant petition until December 1, 2015. Kennedy's petition is untimely with respect to both the revocation and the guilty plea.

      Kennedy does not dispute the time line offered by Respondent in its motion to dismiss. Nor does he challenge Respondent's representation that he failed to properly file a motion for post-conviction relief in state court that would toll by statute the one-year limitation period. Accordingly, the undersigned finds that Kennedy's § 2254 petition is untimely.

      In addition to statutory tolling, the Supreme Court also has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing. *Id.* at 2562. Equitable tolling is available only in "rare and exceptional circumstances". *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner bears the burden of proof concerning equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Kennedy is not entitled to equitable tolling because he has not identified any rare and exceptional circumstances that would warrant equitable toling. Accordingly, the undersigned recommends that Respondent's motion to dismiss be granted.

Kennedy's only pleading filed arguably in response to the motion to dismiss was his "Motion for Denied His Parole". Doc. [12]. In this motion, Kennedy does not challenge the constitutionality of his underlying conviction and sentence. He does not dispute Respondent's contention that his § 2254 petition is untimely. Instead, he simply asserts that he is being denied parole because of RVRs issued by MDOC. The undersigned recommends that Kennedy's motion should be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [11] Motion to Dismiss be GRANTED, that Plaintiff's [12] Motion for Denied His Parole" be DENIED, and that Soloman S. Kennedy's 28 U.S.C. § 2254 petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall

file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 16th day of May, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE